UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| XIANG YOU LAN #A0601065335,<br>Plaintiff | CIVIL DOCKET NO. 1:22-CV-05691<br>SEC P |
| VERSUS | JUDGE DRELL |
| U S IMMIGRATION & CUSTOMS ENFORCEMENT,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## MEMORANDUM ORDER

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) filed by pro se Petitioner Xiang You Lan ("Lan"). Lan is a detainee in the custody of the U.S. Immigration and Customs Enforcement ("ICE"), housed at the LaSalle Detention Center in Jena, Louisiana. ECF No. 1. He claims that his continued detention is unlawful.

Because Lan alleges that he has been in post-removal order detention for over six months and his removal cannot be effectuated, the Petition (ECF No. 1) will be SERVED on the Government.

I. **Background**

Lan alleges that he was born in Vietnam but is a Chinese citizen. ECF No. 1 at 11. He alleges that he has been in post-removal order detention since March 31, 2022. ECF No. 1 at 4. Lan asserts that he has fully cooperated with ICE's efforts to remove him, but neither China nor Vietnam will accept him. *Id.* at 11. Therefore,

1

Lan asserts that his continued detention is unlawful under *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001).

Lan requests that the Government respond within three days pursuant to 28 U.S.C. § 2243. ECF No. 1 at 20.

II. <u>Law and Analysis</u>

Section 2243 provides, in relevant part:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.
>
> The writ, or order to show cause shall be directed to the person having custody of the person detained. It shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed.

28 U.S.C. § 2243.

Generally, under §§ 2241 and 2243, a court may "adjust the scope of [a] writ in accordance with equitable and prudential considerations." *Danforth v. Minnesota*, 552 U.S. 264, 278, 128 S. Ct. 1029, 1040, 169 L. Ed. 2d 859 (2008). More specifically, the three-day time limit referenced in § 2243 is "subordinate to the Court's discretionary authority to set deadlines under Rule 4 of the Rules Governing § 2254 Cases," which are applicable to petitions filed under § 2241. *Maniar v. Warden Pine Prairie Corr. Ctr.*, 6:18-CV-00544, 2018 WL 4869383, at *1 (W.D. La. May 2, 2018)

(Hanna, M.J.)[1]; *see also, Taylor v. Gusman*, CV 20-449, 2020 WL 1848073, at *2 (E.D. La. Apr. 13, 2020).

Given this discretion under Rule 4, then, a court may "order [a] respondent to file an answer, motion, or other response within a fixed time, or . . . [may] take other action" in its discretion. *See Castillo v. Pratt*, 162 F. Supp. 2d 575, 577 (N.D. Tex. 2001) (noting a court's discretion under Rule 4 "prevails" over the strict time limits of § 2243). Before requiring a response or holding a hearing, a court may certainly allow a respondent time to conduct a reasonable investigation. *See, e.g., Baker v. Middlebrooks*, 2008 WL 938725 (N.D. Fla. 2008) (allowing 60 days to respond to a § 2241 habeas petition); *Hickey v. Adler*, 1:08-CV-826, 2008 WL 3835764 (E.D. Cal. 2008) (same). In virtually all cases before this Court (and others), no meaningful investigation could be completed within three days. So, in virtually all cases before this Court and others, a delay of more than three days is reasonable under Rule 4. *See Romero v. Cole*, No. 1:16-cv-148, 2016 WL2893709, at *2 & n.4 (W.D. La. Apr. 13, 2016), *report and recommendation adopted*, 2016 WL 2844013.

To determine whether Lan is entitled to relief:

THE CLERK IS DIRECTED to serve a summons, a copy of the Petition (ECF No. 1), and a copy of this Order, by certified mail, on the United States through the United States Attorney for the Western District of Louisiana, the United States

---

[1] Under Rule 1(b), the Rules Governing § 2254 Cases also apply to § 2241 habeas cases. *See Hickey v. Adler*, 2008 WL 835764, *2 (E.D. Cal. 2008); *Castillo v. Pratt*, 162 F. Supp. 2d 575, 577 (N.D. Tex. 2001); *Wyant v. Edwards*, 952 F. Supp. 348 (S.D.W. Va. 1997); *see also Taylor v. Gusman*, 20-CV-449, 2020 WL 1848073, at *1 (E.D. La. Apr. 13, 2020) ("District courts are therefore free to apply these rules to habeas petitions brought under 28 U.S.C. § 2241").

Attorney General, DHS/ICE through its Director, and the Warden of the LaSalle ICE Processing Center.

IT IS ORDERED that Respondents file an answer to the Petition (ECF No. 1) within 60 days following the date of service. In the answer, Respondents shall provide the Court with summary judgment evidence indicating whether Petitioner's order of removal is final, whether there is a significant likelihood of removal in the reasonably foreseeable future, and whether Petitioner's detention is otherwise lawful. This evidence shall include information regarding the length of time that he has been in custody, the date on which his removal order became final, any administrative decisions relating to Petitioner's request for bond, and all documents relevant to the efforts made by the immigration officials to obtain travel documents for Petitioner.

Respondents shall also file a memorandum of law briefing the issues raised in the answer and citing applicable statutory and case law.

IT IS FURTHER ORDERED that Petitioner shall have 30 days following the filing of Respondents' answer to produce contradictory summary judgment evidence on the issue of the lawfulness of his detention.

All documentary exhibits MUST HAVE PROPERLY NUMBERED PAGES. An index describing each item attached to the response and showing each item's page number shall also be attached.

FINALLY, IT IS ORDERED that, as a condition to their acceptance by the Clerk, all future filings by Petitioner and Respondents shall include a certificate stating that a copy thereof has been mailed to all other parties.

After the record is complete and all delays have run, the Court will determine if genuine issues of material fact exist, which preclude summary judgment and necessitate an evidentiary hearing. If no hearing is necessary, a Report and Recommendation will be issued without further notice.

SIGNED on Wednesday, October 26, 2022.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE